IN THE DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CASE NO.

JOSHUA ROWLS,

    Plaintiff,

v.

STEVEN J. FINK & ASSOCIATEs, P.C.,
*a professional association*, and HBLC, INC.,
*a corporation*,

    Defendants.
_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

## PARTIES

4.    Plaintiff, JOSHUA ROWLS ("Plaintiff"), is a natural person who at all relevant times resided in the State of Illinois, County of Cook, and City of Chicago.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, STEVEN J. FINK & ASSOCIATES, P.C. (SFA) is a professional association who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant SFA is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, HBLC, INC. ("HBLC") is a corporation who acquires debt in default merely for collection purposes, and who at all relevant times was engaged in the business of attempting to collect a debt from Plaintiff.

9. HBLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant SFA, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12. Defendant SFA uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Defendant HBLC purchases debts once owed or once due, or asserted to be once owed or once due a creditor.

14. Defendant HBLC acquired Plaintiff's debt once owed or once due, or asserted to be once owed or once due a creditor, when the debt was in default.

15. Defendant HBLC is thoroughly enmeshed in the debt collection business, and HBLC is a significant participant in Defendant SFA's debt collection process.

16. In connection with collection of an alleged debt, Defendant SFA, on behalf of Defendant HBLC, sent Plaintiff a written correspondence dated March 2, 2011 in which Defendant SFA failed to notify Plaintiff that the communication was from a debt collector. (See March 2, 2011 correspondence, attached hereto as Exhibit "A").

## COUNT I

17. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 16.

18. Defendants violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendants violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

19. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this June __, 2011.

Respectfully submitted,
**JOSHUA ROWLS**


By: <u>s/ Alex D. Weisberg</u>
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com